UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIM TEEL,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:10-cv-613
Beckwith, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

This matter is before the Court on plaintiff's motion for attorney fees and costs under the Equal Access to Justice Act (EAJA) (Doc. 31), the Commissioner's response in opposition (Doc. 33), and plaintiff's reply memorandum. (Doc. 35). For the reasons that follow, the Court recommends that plaintiff's motion be granted.

## I. Substantial Justification

The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, plaintiff is the prevailing party. The Court reversed the non-disability finding of the Administrative Law Judge (ALJ) and ordered a remand to the ALJ for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993) (social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of EAJA).

In addition, the Commissioner's position during this litigation was not "substantially justified." To be substantially justified, the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). The "substantial justification" standard under the EAJA is not the same as the "substantial evidence" standard. The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2. The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted). Rather, under the EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Sec'y of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir.

2

1989) (per curiam). It is the government's burden under the EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

In the present case, the Court determined that the decision of the ALJ lacked substantial support in the record because the ALJ failed to assess plaintiff's credibility in accordance with applicable Sixth Circuit precedent. (Doc. 29 at 25-26). The Court concluded that the ALJ erred by not applying the "full test" set forth in *Felisky v. Bowen,* 35 F.3d 1027 (6th Cir. 1994) in evaluating plaintiff's subjective complaints under all of the relevant credibility factors. The Court determined that the ALJ also erred by not specifying the reasons for the weight assigned to plaintiff's statements about her symptoms in accordance with *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). The Court therefore remanded the case for a proper credibility assessment. (Doc. 29 at 27).

In arguing that his position was substantially justified for purposes of plaintiff's EAJA fee application, the Commissioner asserts that the Court did not reject the entirety of the Commissioner's arguments, but accepted and adopted the Commissioner's position on two of the three assignments of error. The Commissioner contends he did not advance an unreasonable position and that the Court's primary concern with the ALJ's credibility decision was one of "insufficient articulation." (Doc. 33 at 5). According to the Commissioner, where the ALJ's error is "one only of articulation, the agency's position and the government's defense of that position is likely to be substantially justified." (Doc. 33 at 5, citing *Conrad v. Barnhart,* 434

3

F.3d 987, 991 (7th Cir. 2006); *Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir. 1992); *Anderson v. Comm'r of Soc. Sec.*, No. 98-6284, 1999 WL 1045072, at *4 (6th Cir. Nov. 12, 1999)).

The cases cited by the Commissioner evince the same general principle: an ALJ's failure to properly articulate his or her reasoning does not "mandate" a finding that the government's position was not substantially justified. *Conrad*, 434 F.3d at 991. *See also Stein*, 966 F.2d at 320; *Anderson*, 1999 WL 1045072, at *5. Yet, the error here was more than one of mere "articulation." Rather, in addition to the ALJ's failure to set forth specific reasons for his credibility finding based on the evidence of record, "the ALJ erred by not applying all of the *Felisky* factors," including plaintiff's "extensive history of treatment for mental illness," in assessing plaintiff's credibility. (Doc. 29 at 26). The law governing the ALJ's duty to consider specific factors and apply the "full test" set forth in 20 C.F.R. § 404.1529(c)[1] for evaluating a claimant's subjective complaints is clearly established by Sixth Circuit precedent. *See Felisky*, 35 F.3d at 1040-41. *See also Rogers*, 486 F.3d at 247. This Court has refused to find the government's position to be "substantially justified" when, as here, an ALJ fails to apply the correct legal standard. *See Sturgeon v. Comm'r of Soc. Sec.*, No. 1:08-cv-510, 2009 WL 5194385, at *3 (S.D. Ohio Dec. 22, 2009) (Beckwith, J.; Hogan, M.J.) (citing *Meyers v. Heckler*, 625 F. Supp. 228, 235 (S.D. Ohio 1985); *Howard v. Heckler*, 581 F. Supp. 1231, 1233-34 (S.D. Ohio 1984)). The Commissioner has not met his burden of proving substantial justification for his position in this case. The Court, therefore, finds that the Commissioner's position in this matter was not substantially justified.

---

1. The ALJ must consider a claimant's daily activities; the location, duration, frequency and intensity of the claimant's pain; the precipitating and aggravating factors; the type, dosage and effect of medication; and other treatment or measures to relieve pain. *See Felisky*, 35 F.3d at 1039 (construing 20 C.F.R. § 404.1529(c)(3)).

4

No evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court turns to an analysis of the amount of fees to which plaintiff's counsel is entitled.

**II. Amount of Fee Award**

The EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of costs of $350.00 and fees in the amount of $3,740.00. Plaintiff's request for fees is based on an hourly rate of $170.00, which represents the $125.00 hourly rate set by the EAJA statute adjusted for inflation based on cost of living increases since enactment of the EAJA. (Doc. 31 at 6).

The Commissioner challenges plaintiff's request for an increase in the EAJA statutory rate to $170.00 per hour, arguing that plaintiff has failed to show that lawyers who specialize in disability cases "require" such an hourly fee. (Doc. 33 at 11). Relying on *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011), the Commissioner contends that plaintiffs in Social Security cases must show that absent a cost-of-living increase to bring the fee award up to the requested hourly rate, competent Social Security counsel in the relevant geographical area could not be found. The Commissioner asserts there are "multiple attorneys practicing in the Southern

5

District of Ohio who have requested only $125 per hour for work on disability cases" (Doc. 33 at 13) and cites to two cases where counsel requested and were awarded fees of $125.00 per hour. *See Major v. Comm'r of Soc. Sec.*, 1:10-cv-530 (S.D. Ohio) (involving a Cincinnati practitioner) (Doc. 33, Exh. A) and *King v. Comm'r of Soc. Sec.*, 2:10-cv-800 (S.D. Ohio) (involving a Cleveland attorney) (Doc. 33, Exh. B).

In reply, plaintiff argues that the requested $170.00 hourly rate is not excessive and is in keeping with the hourly rate paid to attorneys in the Cincinnati area and to other attorneys associated with plaintiff's firm, and plaintiff cites to decisions in the Southern District of Ohio awarding EAJA fees at a rate of $170.00 per hour. (Doc. 35, citing *Childers v. Astrue*, No. 3:10-cv-154, 2011 WL 3911098 (S.D. Ohio Sept. 6, 2011) (Black, J.); *Ayers v. Astrue*, No. 1:10-cv-30, 2011 WL 5506096 (S.D. Ohio Oct. 18, 2011) (Report and Recommendation), *adopted*, 2011 WL 5445927 (S.D. Ohio Nov. 10, 2011) (Barrett, J.); *Bledsoe v. Comm'r of Soc. Sec.*, No. 1:09-cv-564 (S.D. Ohio Oct. 24, 2011) (Barrett, J.).

As an initial matter, the undersigned is not persuaded by the Commissioner's argument that before the hourly rate may be increased based on the cost-of-living, plaintiff must prove that no lawyer in the relevant geographical area is available to competently handle a Social Security disability appeal. (Doc. 33 at 12, citing *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011)). First, the Seventh Circuit's decision in *Matthews-Sheets* is not binding precedent on district courts within the Sixth Circuit. Second, the Commissioner's argument erroneously conflates the two separate provisions justifying an increase in the $125.00 rate under EAJA. The statute provides that EAJA fees are based on the prevailing market rate and should not exceed $125.00 per hour "*unless* the court determines than an increase in the cost of living *or* a special

6

factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added).[2]

In determining the hourly rate for an attorney fee award, this Court must first consider the prevailing market rate charged by Social Security practitioners in Southwestern Ohio. *See* 28 U.S.C. § 2412(d)(2)(A) (the amount of EAJA fees "shall be based upon *prevailing market rates* for the kind and quality of the services furnished. . . .") (emphasis added). *See also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (in determining reasonableness of attorney fees court must consider whether requested rates are in line with those prevailing in community for similar services by lawyers of reasonably comparable skill, experience and reputation).

In *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009), the Sixth Circuit upheld the district court's refusal to add a cost-of-living increase to the statutory EAJA rate of $125.00. The Court of Appeals reiterated that the burden of justifying an increase in the statutory hourly rate rests with the EAJA plaintiff. *Id.* at 450 (citing *Blum,* 465 U.S. at 898). In the proceedings below in *Bryant*, the district judge stated that the plaintiff's burden to establish the prevailing market rate may be met through "evidence of legal fees charged in the same geographic area for the pertinent area of practice" and that the district court may take "judicial notice of the historical fee reimbursement rate in the district." *Turner v. Astrue*, No. 06-450, 2008 WL 2950063, at *1 (E.D. Ky. July 30, 2008), *aff'd sub nom., Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443 (citing *London v. Hatter*, 134 F. Supp.2d 940, 941-942 (E.D. Tenn. 2001)). The district court determined that an increase in the statutory hourly rate was not justified in the

---

2. The undersigned notes that the court in *Mathews-Sheets* recognized that "a fee of $125 for legal services rendered in 2009 in a social security disability appeal seems awfully low" and that even at the amount requested by counsel in that case, "$170 an hour[,] the total fee award would be only $9,010." 653 F.3d at 564.

7

two cases before it because the plaintiffs' counsel had failed to provide proof that the reasonable and customary attorney fee for comparable work in the relevant geographical area exceeded $125.00 per hour. The Court of Appeals found no abuse of discretion by the district court in limiting the hourly rate to the $125.00 statutory rate where the plaintiffs' attorney submitted only the Department of Labor's Consumer Price Index to support the request for an increase in the statutory hourly rate based on inflation. *Bryant,* 578 F.3d at 450.

In light of *Bryant*, this Court has previously required plaintiffs' counsel to submit evidence justifying an increase in the statutory hourly rate, including evidence of counsel's own customary hourly rate, the requested cost-of-living increase, and the prevailing rate in the local community charged by Social Security practitioners of similar skill, experience, and reputation. *See, e.g., Ayers v. Astrue*, No. 1:10-cv-30, 2011 WL 5506096, at *4 (S.D. Ohio Oct. 18, 2011) (Report and Recommendation), *adopted*, 2011 WL 5445927 (S.D. Ohio Nov. 10, 2011) (Barrett, J.) (awarding $170.00 per hour in EAJA fees); *Sturgeon v. Comm'r of Soc. Sec.*, No. 1:08-cv-510, 2009 WL 5194385, at *4-5 (S.D. Ohio Dec. 22, 2009) (Beckwith, J.) (awarding $170.00 per hour in EAJA fees). In each of these cases, the plaintiff provided an affidavit of counsel, as well as copies of publications showing average billable hourly rates nationally and in Cincinnati establishing that the requested hourly rates were in line with the prevailing market rates for the relevant geographic area. *See, e.g., Ayers*, No. 1:10-cv-30, 2011 WL 5506096, at *4 (noting October 2007 study showing average billable hourly rate of $175 for the Greater Cincinnati area and 2004 report showing mean billable hourly rate of $213 for downtown Cincinnati law firms). The undersigned notes that more recently a 2010 Ohio State Bar Association Survey of attorney fee rates shows a mean hourly rate of $231 per hour for Greater Cincinnati, $251 per hour for

downtown Cincinnati, and $209 per hour for suburban Cincinnati. *See* The Economics of Law Practice in Ohio, Ohio State Bar Association (found at http://www.ohiobar.org/General% 20Resources/pub/2010_Economics_of_Law_Practice_ Study.pdf). The Court is permitted to consider evidence of legal fees charged in the same geographic area, as well as take judicial notice of the historical fee reimbursement rate in this district, in determining the prevailing market rate for the case before the Court. *See Turner*, No. 06-450, 2008 WL 2950063, at *1. *See also Wagner v. Comm'r of Soc. Sec.*, No. 1:10-cv-784, 2012 WL 1224736 (S.D. Ohio April 11, 2012) (Report and Recommendation), *adopted*, 2012 WL 1656973 (S.D. Ohio May 10, 2012) (Dlott, J.) (awarding $170.00 per hour); *Shackelford v. Comm'r of Soc. Sec.*, No. 1:10-cv-604, 2012 WL 1156422 (S.D. Ohio April 6, 2012) (Report and Recommendation), *adopted*, 2012 WL 1656964 (S.D. Ohio May 10, 2012) (Dlott, J.) (awarding $170.00 per hour); *Beck v. Comm'r of Soc. Sec.*, No. 1:10-cv-398, 2012 WL 469805 (S.D. Ohio Feb 13, 2012) (Report and Recommendation), *adopted*, 2012 WL 966041 (S.D. Ohio March 21, 2012) (Weber, J.) (awarding $170.00 per hour); *Renneker v. Astrue*, No. 1:10-cv-386, 2012 WL 12696 (S.D. Ohio Jan. 4, 2012) (Beckwith, J.) (awarding $171.43 per hour for 2010 and $176.49 per hour for 2011).

In this case, the hourly rate requested by counsel is in keeping with the prevailing market rate for the Southwestern Ohio geographic area. In light of the cases in the Southern District of Ohio cited above, as well as the survey from the Ohio State Bar Association, the undersigned takes judicial notice that the prevailing market rate in the local Cincinnati and Southwestern Ohio communities charged by Social Security practitioners of similar skill, experience, and reputation is at least $170.00 per hour (the amount requested by counsel). In addition, the evidence

submitted by counsel in the instant case (Doc. 31, Exhs. A-D) confirms that the prevailing market rate in the relevant community is at least $170.00 per hour.

Plaintiff also seeks an increase in the $125.00 statutory rate based on a cost of living adjustment. *See Begley v. Sec'y of H.H.S.*, 966 F.2d 196, 199, 200 (6th Cir. 1992) (increase based on cost of living is within discretion of district court). The Court finds that an increase in the statutory $125.00 fee is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of EAJA. Judges in this district have applied the Consumer Price Index for either Services or All Items in calculating the appropriate cost of living increase. *See Adkins v. Comm'r of Soc. Sec.*, No. 1:07cv073, 2011 WL 2020647, at *2 (S.D. Ohio May 24, 2011) (Barrett J.) (recognizing discrepancy among decisions, citing cases, and determining that the appropriate index is that found in the "All Items" category). In light of *Adkins*, the Court applies the All Items index. Plaintiff seeks attorney fees for work performed in 2010, 2011, and 2012 at an hourly rate of $170.00. As the hourly rate proposed by plaintiff is lower than the rate adjusted by the Consumer Price Indices for the relevant time periods ($171.43 for 2010; $176.94 for 2011; $178.49 for 2012[3]), the Court finds that plaintiff's requested rate is reasonable.

The Court also considers the affidavit of plaintiff's counsel which sets forth counsel's credentials and extensive experience handling Social Security disability cases. (Doc. 31, attachment). The Court finds this information amply demonstrates that the hourly rate of

---

3. In 2012, the average of the monthly CPI multipliers for the year through February 2012, the last month counsel performed work on the case, was 216.61. Adjusted for the increased cost of living, the statutory rate of $125.00 is increased to $178.49. (Average 2012 CPI of 216.61 divided by March 1996 CPI of 151.7 times $125.00).

$170.00 is reasonable and warranted given the cost of living increases since enactment of the EAJA and the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Bryant,* 578 F.3d at 450.

Plaintiff has not requested an increase in the rate based upon any "special factor." *See 28 U.S.C.* § 2412(d)(2)(A). Accordingly, the Court need not address the "special factor" inquiry.

The Court next turns to a discussion of the applicable hours plaintiff's counsel worked relative to the sentence four remand, *i.e.,* the time to which the hourly rate of $170.00 shall be applied. Counsel for plaintiff submits that 22.0 hours of attorney time was spent on this case before the District Court. The Commissioner challenges this number as unreasonable on several grounds.

First, the Commissioner asserts that the three hours spent on a combined Objection to the Magistrate Judge's Report and Recommendation and a Response to the Commissioner's Objections (Doc. 27) should be "reduced to a reasonable amount" as the Court determined that plaintiff's objections were untimely and without merit in any event. The Court agrees that time spent on plaintiff's Objections to the Report and Recommendation, which were filed out-of-time, should not be compensated. On the other hand, time spent responding to the Commissioner's Objections is compensable. The undersigned finds a reduction of two hours for this billing entry is appropriate.

Second, the Commissioner contends that counsel should not be compensated for one hour of time devoted to preparing and filing two motions for extension of time, arguing that this time is not recoverable. The Court takes judicial notice that both plaintiffs and the Commissioner routinely request extensions of time in Social Security matters in light of their heavy caseloads

11

and other commitments and that such extensions are routinely granted. The Court further notes that the Commissioner requested an extension of time in this case as well. (Doc. 14). However, the Court finds that 30 minutes expended on each perfunctory motion for extension of time is not reasonable. Thus, although counsel should be compensated for preparing the motions for extension of time, the amount of compensable time for this routine task should be reduced by 15 minutes each to a total of one-half hour of compensable time.

Third, the Commissioner seeks a reduction for time spent on the preparation and filing of summons, tasks that are clerical or secretarial in nature. The Court agrees and reduces the compensable time by one-half hour as fee-shifting statutes do not generally permit courts to award fees for clerical work. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) ("[P]urely clerical or secretarial tasks should not be billed" under fee shifting statutes, "regardless of who performs them.").[4]

Fourth, the Commissioner challenges the one hour spent on preparation of the EAJA petition as the petition is very similar to a petition submitted by counsel's law firm colleague in another case. The Court agrees with plaintiff that each EAJA application requires the preparation of a unique contemporaneous time sheet and calculations relating to the appropriate fee amount. The Court declines to reduce the attorney fee award for preparation of the EAJA application.

In light of the above findings, the Court finds that plaintiff is entitled to attorney's fees for 19 hours of work (22 hours requested less a 3-hour reduction) at an hourly rate of $170.00, yielding an attorney fee of $3,230.00.

---

4. *Bledsoe v. Comm'r of Soc. Sec.*, No. 1:09-cv-564 (S.D. Ohio Oct. 4, 2011), cited by plaintiff, is distinguishable because in that case the Commissioner did not challenge counsel's requested hours as he does in the instant case.

Accordingly, the Court finds such a fee is reasonable and should be awarded under the EAJA. The award is payable to plaintiff rather than plaintiff's counsel. *See Astrue v. Ratliff*, ___ U.S. ___, 130 S.Ct. 2521, 2529 (2010). *See also Renneker v. Astrue*, No. 1:10-cv-386, 2012 WL 12696, at *2 (S.D. Ohio Jan. 4, 2012) (Beckwith, J.) (noting that "assignment of an EAJA award executed in advance of any actual award, violates the Anti-Assignment Act, 31 U.S.C. § 3272" and that to make an award directly to the attorney before the Commissioner determines whether the plaintiff owes a pre-existing debt to the United States against which the EAJA fee award could be offset "would jeopardize the ability of the United States to collect such debts, if any exist"). As the award of EAJA fees may be offset against any pre-existing debt plaintiff may owe to the United States, the fee must be made to plaintiff and not to plaintiff's attorney.

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED** and that plaintiff be **AWARDED** $3,230.00 in attorney fees and $350.00 in costs for a total award of $3,580.00.

Date: 5/29/2012

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIM TEEL,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:10-cv-613
Beckwith, J.
Litkovitz, M.J.

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).